**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Andrei Armas, Esq. (SBN: 299703)
andrei@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**[ADDITIONAL PLAINTIFF'S COUNSEL ON SIGNATURE LINE]**

*Attorneys for Plaintiff,*
Edward Makaron

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**EDWARD MAKARON; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

**Plaintiff,**

**v.**

**WORLD WIDE VACATIONS, LLC; RCI, LLC; and, INTERVAL INTERNATIONAL, INC.,**

Defendants.

**Case No.:** 2:16-cv-02168

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**

**JURY TRIAL DEMANDED**

///

///

///

///

///



Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

## INTRODUCTION

1. EDWARD MAKARON ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of WORLD WIDE VACAIONS, LLC ("WWV" and/or collectively referred to as "Defendants"); RCI, LLC ("RCI" and/or collectively referred to as "Defendants"); and, INTERVAL INTERNATIONAL, INC. ("II" and/or collectively referred to as "Defendants") and their related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiff's cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff allege as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. The Court has personal jurisdiction over Defendants because Defendants conduct business in the County of Los Angles, State of California. Therefore, Defendants have sufficient minimum contacts with this state, and otherwise purposely avail themselves of the markets in this state through the promotion, sale, and marketing of their products and/or services in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because: (i) Plaintiff resides in the County of Los Angeles, State of California, (ii) the events giving rise to

Plaintiff's causes of action against Defendants occurred within the County of Los Angeles, State of California, and (iii) Defendants conduct business in the County of Los Angeles, State of California.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a natural person who resides in the County of Los Angeles, State of California.
6. Plaintiff is informed and believes, and thereon alleges, that Defendant WWV is, and at all times mentioned herein was, a limited liability company whose primary corporate address is 1900 Howell Branch Road #200, Winter Park, FL 32792 and registered in the sate of Florida. WWV is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).
7. Plaintiff is informed and believes, and thereon alleges, that Defendant RCI is, and at all times mentioned herein was, a corporation whose primary corporate address is 9998 North Michigan Road, Carmel, IN 46032 and registered in the state of Delaware. RCI is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).
8. Plaintiff is informed and believes, and thereon alleges, that Defendant II is, and at all times mentioned herein was, a corporation whose primary corporate address is 6262 Sunset Drive, Miami, FL 33142 and registered in the sate of Florida. II is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).
9. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California and in the County of Los Angeles.

///

///

///

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff is an individual residing within the County of Los Angeles, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

11. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the County of Los Angeles, State of California. Defendants are, and at all times mentioned herein were, corporations and "person(s)," as defined by 47 U.S.C. § 153 (10).

12. Plaintiff is informed and believes, and thereon alleges, that Defendants advertise, promote and/or sell their products and/or services by placing telephone calls to consumers' telephones via an automatic telephone dialing system ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and utilizing an artificial and/or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

13. On or about May 14, 2015, Defendants contacted Plaintiff, on Plaintiff's cellular telephone number ending in [3272], with an artificial and/or prerecorded voice in an attempt to advertise, promote and/or sell Defendants' products and/or services.

14. Specifically, after listening to the artificial and/or prerecorded voice message, Plaintiff was transferred to Defendant WWV's representative, whom informed Plaintiff that he qualified for a discounted vacation in exchange for Plaintiff's participation in a presentation promoting Defendant RCI and Defendant II.

15. Plaintiff is informed and believes, and thereon alleges, that Defendants contacted Plaintiff's cellular telephone utilizing an artificial and/or prerecorded voice on numerous other occasions.

Kazerouni Law Group, APC
Costa Mesa, California

16. Plaintiff is informed and believes, and thereon alleges, that some of Defendants' telephone calls were placed from telephone number ending in 5233, among others.

17. Plaintiff is informed and believes, and thereon alleges, that Defendants contacted Plaintiff's cellular telephone utilizing an artificial and/or prerecorded voice from telephone numbers other than the number mentioned in paragraph 16.

18. Through the unsolicited telephone calls, Defendants contacted Plaintiff on Plaintiff's cellular telephone regarding unsolicited products and/or services via an ATDS, as defined by 47 U.S.C. § 227(a)(1), and utilizing an artificial and/or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

19. The ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

21. At no time did Plaintiff provide Plaintiff's cellular phone number to Defendants through any medium.

22. Plaintiff did not provide express consent to Defendants to receive calls on Plaintiff's cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

23. Plaintiff did not provide "prior express consent" to Defendants to place telephone calls to Plaintiff's cellular telephones with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

24. These calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. These telephone calls by Defendant or its agents were in violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

27. Plaintiff represents, and are members of, the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filing of the Complaint.

28. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

30. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional

Kazerouni Law Group, APC
Costa Mesa, California

persons as warranted as facts are learned in further investigation and discovery.

31. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agent's records.

32. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of the Complaint, Defendants made any call/s (other than a call made for emergency purposes or made with the prior express consent of the called party) to Class members using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c) Whether Defendants should be enjoined from engaging in such conduct in the future.

33. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

34. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class

Kazerouni Law Group, APC
Costa Mesa, California

action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

35. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

38. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

40. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

42. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

44. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

///

///

///

///

///

///

///

///

///

Kazerouni Law Group, APC
Costa Mesa, California

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and The Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///

///

///

///

///

Kazerouni Law Group, APC
Costa Mesa, California

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: March 30, 2016

**KAZEROUNI LAW GROUP, APC**

By: _/s Abbas Kazerounian___
Abbas Kazerounian
*Attorneys for Plaintiff*

[ADDITIONAL PLAINTIFF'S COUNSEL]

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
tfriedman@toddflaw.com
324 South Beverly Drive, Suite 725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiff*

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Kazerouni Law Group, APC
Costa Mesa, California